**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ARTHUR TAYLOR, JR.**                                                            **PLAINTIFF**

**VS.**                                                    **CAUSE NO. 3:15-cv-0023-MPM-SAA**

**STATE FARM FIRE & CASUALTY CO.,
et al**                                          **DEFENDANTS/COUNTER-PLAINTIFFS**

**VS.**

**ARTHUR TAYLOR, JR., et al**                           **COUNTER-DEFENDANTS**

### ORDER

This court presently has before it competing motions filed by counter-plaintiff State Farm and counter-defendant Sycamore Bank regarding a matter which, in most cases, would have been dealt with by a simple agreed order among the parties. It seems clear, however, that a complete breakdown in trust and collegiality between counsel for State Farm and Sycamore has made it necessary for this court to deal with this as a contested matter.

The facts of this case, involving a large property damage claim under a State Farm homeowners' policy covering a Como, Mississippi antebellum home, are quite complex. However, the specific legal issue before the court now is a very simple one, relating to whether or not Sycamore asserts any claims against State Farm in this case. State Farm has repeatedly expressed its frustration with Sycamore's reluctance to clarify its position in this regard, and it has sought declaratory relief in this regard. Feeling aggrieved by Sycamore's reticence, State Farm also sought and obtained an informal hearing from this court, at which this court tried to

mediate the dispute between the two parties.

After informal arguments from the parties, this court made preliminary observations that Sycamore did appear to be acting in an uncooperative, and seemingly unwise, manner. Given the early stage of this litigation, however, this court declined to involve itself further in these matters, other than to encourage the parties to attempt to resolve their dispute in an amicable manner. Unfortunately, this did not occur. The parties' dispute persisted even after, on June 16, 2015, Sycamore expressly assigned any claims it may have against State Farm to plaintiff Arthur Taylor. Shortly after this assignment, on July 8, 2015, State Farm filed a second declaratory judgment action against Sycamore "to finally determine that [Sycamore] has no claim against State Farm." Sycamore responded to that filing with a motion to dismiss, arguing that the second declaratory judgment action was both unnecessary and legally defective, given that State Farm was aware of Sycamore's assignment to Taylor.

In its motion to dismiss State Farm's second motion for declaratory relief, Sycamore represents to this court that:

> At the time of State Farm's filing of its (Second) Counterclaim, however, State Farm knew that Sycamore Bank had fully assigned any such claim to Plaintiff Arthur Taylor, Jr. . . . and there was therefore no basis upon which State Farm should, or could, continue to pursue a declaratory judgment as to Sycamore Bank. Based upon the express terms of the Assignment, both known to and referenced by State Farm in numerous pleadings filed with this Court, State Farm's (Second) Counterclaim fails to state a claim upon which relief can be granted as to Sycamore Bank and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, or alternatively, by virtue of the Assignment, there remains no justiciable "actual controversy" between State Farm and Sycamore Bank upon which subject matter jurisdiction can be predicated as to State Farm's claim against Sycamore Bank, and State Farm's Counterclaim as to Sycamore Bank should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Sycamore Bank also requests that the Court order that certain portions of State Farm's Counterclaim be stricken as addressed herein.

[Sycamore's brief at 1-2].

Based upon Sycamore's representations, this court will take it at its word that, in light of the assignment of any claims it might have to Taylor, there is no longer any actual dispute between it and State Farm. This court views this representation as being binding and enforceable by both contempt sanctions and by the doctrine of judicial estoppel. State Farm's reluctance to accept Sycamore's representations in this regards appears to be borne of a lack of trust, but this court is not required to simply accept Sycamore's word in this regard. To the contrary, the court has at its disposal what it regards as very effective means of holding Sycamore to its word, and it has every intention of using those means, if necessary. This court has no reason to suspect that Sycamore would, in fact, break its word in this regard, but it nevertheless wishes to make this point abundantly clear. Having accepted Sycamore at its word, it therefore logically follows that State Farm's motion for declaratory judgment is now moot and should be dismissed on that basis. The court does not find that it lacks jurisdiction based upon the post-lawsuit assignment to Taylor, and it concludes that a finding of mootness, rather than failure to state a claim, is the appropriate one in this context.

While this court has been critical of Sycamore's actions in this case, it does not mean to suggest that State Farm's conduct has been blameless. The court regards Sycamore's assignment of any claims it might have to Taylor as an important step in clarifying its position in this case, and it is not clear that it was necessary for State Farm to file a second motion for declaratory relief so shortly after that assignment, without making further attempts to resolve these issues amicably. Moreover, State Farm appears to have made excessive requests, largely in the form of e-mails, for this court to give expedited consideration to deciding a dispute which is, at the end

of the day, a tangential issue in this lawsuit and of less urgency than a number of other matters on its docket.

Having said that, this court does agree with State Farm that Sycamore should have been more clear and upfront regarding its position in this case. Indeed, even after the assignment to Taylor, there seems to be a certain coyness and caginess in Sycamore's briefing, such as in its repeated reference to the assignment "speaking for itself," even though a simple and unequivocal statement that it makes no claims whatsoever against State Farm would have served it better.[1] Assuming for the sake of argument that Sycamore has been playing dilatory games in refusing to clarify its position in this case, the time for such games is now over. Sycamore has sought specific relief from this court, in the form of a dismissal of State Farm's second motion for declaratory relief, and this court has granted that relief. Sycamore's motion to dismiss is clearly predicated, however, upon the notion that the assignment to Taylor makes State Farm's request for declaratory relief invalid, which further implies that Sycamore has no such claims against State Farm. Thus, while Sycamore remains unwilling to simply state that it has no claims

---

[1]For example, Sycamore writes in footnote 5 of its brief that:
> As for the Assignment "speaking for itself," Sycamore Bank also notes that State Farm in its Motion for Declaratory Judgment misrepresents to the Court that the Assignment includes the following language: "including without limitation any and all claims for any costs, expenses, and/or attorneys fees." *See* State Farm's Motion for Declaratory Judgment at para 5. This language is nowhere included in the Assignment.

It is unclear to what end Sycamore included this language in its briefing, since it could be seen by State Farm as an attempt to "muddy the waters" regarding whether it is actually relinquishing all of its claims, thereby exacerbating the mistrust among the parties. Still, Sycamore does not state that it *will* seek attorneys' fees, and, once again, the court will accept its clear representations regarding the lack of any actual controversy between it and State Farm, following the assignment to Taylor. The court further observes that it would be extremely unlikely to award either side attorneys' fees based on the litigation to date.

against State Farm, this court, having granted Sycamore the relief it seeks, will say those words for it.

In light of the foregoing, Sycamore's second motion [101-1] to dismiss is granted. State Farm's motion for declaratory relief [93-1] is dismissed, and Sycamore's first motion to dismiss [56-1] and its motion to stay [105-1] are dismissed as moot.[2]

This, the 30th day of July, 2015

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[2] This parties have made this court aware, through e-mails, of disagreements regarding whether any dismissal of Sycamore should be pursuant to Fed. R. Civ. P. 54(b). The court does not resolve this issue at this time, since it is not confident that it has a full picture of Sycamore's complete role in this lawsuit. This order relates solely to Sycamore's claims against State Farm, or, more precisely, the lack thereof.